**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| Teresa Hill, Individually and as agent of Hill Law Firm, | Case No. 2:25-cv-13197-RMG |
| Plaintiff, | |
| v. | **ORDER** |
| Merrick B. Garland, Christopher Wray, Joseph R. Biden, Jr., Kamala D. Harris, Jack Smith, AT&T Inc., AT&T Mobility LLC, AT&T Services, Inc., AT&T Corp, AT&T Communications, LLC, Cricket Wireless LLC, FBI - John Does 1-10, and John Doe - South Carolina State/Local Officials/Citizens 1-10, | |
| Defendants. | |

This matter is before the Court upon the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 24), recommending that the Court grant the AT&T Defendants'[1] motion to compel arbitration (Dkt. No. 16) and dismiss the remaining Defendants without prejudice pursuant to Federal Rule of Civil Procedure 4(m). Plaintiff was given notice that she had 14 days from the date of the R&R to file any objection, which required the filing of objections on or before May 6, 2026. (Dkt. No. 24 at 6). The Court has received no objections. For the reasons set forth below, the Court adopts the R&R as the Order of the Court, grants the AT&T Defendants' motion to compel, and dismisses without prejudice the remaining Defendants for failure to effectuate proper service.

---

[1] The AT&T Defendants consist of Defendants AT&T Inc., AT&T Mobility LLC, AT&T Services, Inc., AT&T Corp, AT&T Communications, LLC, and Cricket Wireless LLC.

I.  **Legal Standard**

   A.  **Magistrate's Report and Recommendation**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. Where the petitioner fails to timely file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citation and punctuation omitted).

   B.  **Pro Se Pleadings**

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) (citation omitted).

II.  **Discussion**

After a careful review of the record and the R&R, the Court finds that the Magistrate Judge ably summarized the legal and factual issues in this matter and correctly concluded that the AT&T

Defendants' motion to compel should be granted and that the remaining Defendants should be dismissed for failure to effectuate proper service under Rule 4(m).

### III.     Conclusion

For the foregoing reasons, the R&R (Dkt. No. 24) is **ADOPTED** as the Order of the Court, the AT&T Defendants' motion to compel arbitration (Dkt. No. 16) is **GRANTED**, and the remaining Defendants are **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 4(m). **AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

May 14, 2026
Charleston, South Carolina

3